POLSTON, J.,
dissenting.
I agree with Justice Pariente’s dissent from the majority’s decision to adopt the same harmless error standard for both the criminal and civil contexts even though criminal and civil cases are subject to different burdens of proof. The Fourth District Court of Appeal properly held that “harmless error occurs in a civil case when it is more likely than not that the error did not contribute to the judgment.” Special v. Baux, M.D., et al., 79 So.3d 755, 771 (Fla. 4th DCA 2011). I also agree with Justice Pariente’s conclusion that the trial court did not err in excluding the pre-deposition comments allegedly made to Dr. Wolf as inadmissible hearsay. However, unlike Justice Pariente and the majority, I do not believe that a new trial is warranted in this case because the improper restriction of Dr. Dildy’s cross-examination testimony was harmless.
Reviewing the entire record, it is more likely than not that the trial court’s restriction of Dr. Dildy’s cross-examination did not contribute to the judgment. The proffered cross-examination is cumulative of other evidence actually presented to the jury regarding the possibility of overdiag-nosis of AFE at West Boca because, during Dr. Adelman’s testimony, “Special was able to elicit national statistics showing incidence of AFE diagnosis at West Boca was about 15 times the rate elsewhere.” Id. at 757. Moreover and importantly, the proffered cross-examination would have added very little (if any) support to Special’s position, especially considering that Dr. Dildy’s proffered testimony strongly emphasized that a possible statistical anomaly in all AFE cases at West Boca would not matter here because this case in particular was a case of AFE. As the Fourth District explained,
[t]he ultimate purpose of the proposed cross-examination was to call into question the hospital’s AFE diagnosis by suggesting that the hospital diagnosed that condition about 15 times more than the rate elsewhere. This issue was presented to the jury through the testimony of Dr. Adelman and in part from Dr. Dildy. This evidence allowed the plaintiffs attorney in closing argument to hammer on the significance of the statistical abnormality. During the proffer of Dr. Dildy, he said that if the incidence of AFE at the hospital were accurate, he would be concerned that AFE was being over-diagnosed. Yet, even when confronted with the statistics documenting this possibility, he persisted in his opinion that Susan presented a special case of AFE. He testified, “But this case *1279 here, we’re talking about, it doesn’t matter what all these other cases are, this is this case, and this case is an amniotic fluid embolism.”
Id. at 772 (emphasis added).
Accordingly, because I disagree with the majority’s adoption and application of the criminal harmless error standard in this civil case, I respectfully dissent.
CANADY, J., concurs.